[Civ. No. 16923. Second Dist., Div. Two. May 4, 1949.]

BETTY JANE TRAVIS, Respondent, v. METROPOLITAN THEATRES CORPORATION (a Corporation), Appellant.

Sidney A. Moss and Henry F. Walker for Appellant.

Nathan O. Freedman and Gerald L. Kales for Respondent.

MOORE, P. J.—The question for decision is whether the evidence was sufficient as a matter of law to establish the negligence of the proprietor of a place of public amusement, the patron having suffered personal injuries resulting from a fall caused by a slippery, repulsively odoriferous substance on the floor.

Respondent was a pay customer at appellant's theater. It opens regularly at 9 o'clock a. m. and remains open until after 4 a. m. of the following day. The premises are cleaned and inspected once daily, and that occurs in the morning before opening.

Shortly after 1 a. m. on November 1, 1946, respondent entered the theater with her escort, the witness Pike. No ushers being on duty, the couple remained at the head of an aisle in order to accustom their eyes to the darkness. Unaccompanied, they proceeded toward the stage and entered between two rows of seats. In front of the second seat plaintiff's foot encountered a deposit of vomit on the floor. She slipped, fell, and was injured. After inspecting the substance with the aid of a lighted match, Mr. Pike assisted her to the foyer and reported the accident to Mr. Erich, the manager, after which the couple departed.

There is no dispute that the substance which caused the fall was the regurgitated contents of a human stomach. Erich testified that after the accident he and the witness Jeffers cleaned up the filth. It is not suggested that an employee of the house caused the deposit to be made or that respondent or her companion did so. The sole contention on appeal is that the condition did not exist for such length of time that a reasonably prudent person would have discovered it in time to remove it prior to respondent's arrival.

A theater such as that here involved invites the public to patronize it and large audiences gather there and occupy its auditorium to be entertained. They have no suspicion that defective carpets or furniture or offensive deposits on the floor will imperil their safety. Since she was an invitee of appellant, respondent's rights to redress are governed by the rule that pertains to disputes growing out of that relation. ▪ While a proprietor is not an insurer of the safety of his patrons (*Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556, 560 [296 P. 76]) yet he is obliged to exercise such care as to keep the premises reasonably safe for all invitees. ▪ He is liable for harm caused by any dangerous condition, natural or artificial, if he knew of it or if by the exercise of reasonable

care he could have discovered it. ■ The operator of a theater must possess and reasonably exercise a superior knowledge of the dangers incident to the facilities and premises he provides for his patrons and must have a sufficient personnel successfully to maintain the theater in a reasonably safe condition. (*Blumberg* v. *M. & T. Inc.,* *(Cal.App.) 202 P.2d 311; 2 Rest. Torts § 343; *Newman* v. *Fox West Coast Theatres, Inc.,* 86 Cal.App.2d 428, 433 [194 P.2d 706].) His duty is to anticipate and guard against lurking perils, inspect the premises and facilities and to keep the aisles and other passageways free from substances which might cause a person to slip. This is especially true in the case of a place in which many people assemble at all times of day and night. (*Louie* v. *Hagstrom's Food Stores,* 81 Cal.App.2d 601, 608 [184 P.2d 708].)

Appellant contends that there is no evidence as to how long the defective condition existed, and that therefore only by guess, conjecture or surmise could the jury have determined that defendant *should* have discovered it. ■ Direct evidence is not essential to prove that the dangerous condition existed so long that by the exercise of reasonable care it should have been discovered and remedied. (*Louie* v. *Hagstrom's Food Stores, supra.*)

■ While under circumstances similar to those involved in the instant action the mere passage of time will create a presumption of constructive notice, such is not the only factor involved. Other considerations such as the lack of diligence on the part of defendant to discover the danger, the increased risk of injury arising from the condition, the probability that invitees will not discover the peril, and the want of reasonable precautions taken for the safety of patrons, are all elements to be considered in establishing the negligence of the proprietor of a theater. ■ Whether the condition existed long enough to be discovered is for the jury to determine. (*Rothschild* v. *Fourth & Market St. R. Co.,* 139 Cal.App. 625, 627 [34 P.2d 734]; *Hatfield* v. *Levy Bros.,* 18 Cal.2d 798, 807 [117 P.2d 841].) Whether the premises have been negligently maintained is also a question of fact. (*Tuttle* v. *Crawford,* 8 Cal.2d 126, 130 [63 P.2d 1128]; *Newman* v. *Fox West Coast Theatres, Inc., supra.*) Time limitations cannot be fixed because they vary with the circumstances of each accident.

*A hearing was granted by the Supreme Court March 31, 1949.

■ The evidence in the instant case was sufficient to warrant a finding of appellant's negligence not only because of its failure to maintain a vigilant watch over its premises but also by virtue of the fact that the substance had actually remained on the floor long enough to form a crust on its surface. Mr. Pike testified that the substance was dry on top with a crust like a pie but moist in the middle, that it was light yellow in the center and dark brown elsewhere. From such evidence the jury could reasonably infer that a substantial period of time had elapsed since the occurrence that caused the deposit. That there was contrary testimony is true, but it was rejected by the fact finders. Moreover, vomiting in appellant's theater was not uncommon. One of its employees testified that patrons of that particular theater became sick "maybe once every two or three nights." The occurrence was therefore no novelty but within the purview of expectancy. He testified also that after the accident was called to his attention he had no difficulty in seeing the substance when he flashed the light between the seats. It is apparent therefore that the assistance of ushers to conduct respondent and her escort to their seats and the customary use of a flashlight would have disclosed the presence of the substance on the floor even if it had been deposited only a moment before plaintiff's entrance. Such probability is rendered almost a certainty by reason of the fact that the pungent odor released by the soured contents of a stomach would readily have caused an usher in the course of his duty to detect them.

The evidence is sufficient to sustain the jury's implied finding that the condition existed long enough to require the agents of appellant in the exercise of ordinary care to discover and remove it. Such is the holding of *Louie* v. *Hagstrom's Food Stores*, 81 Cal.App.2d 606, 609 [184 P.2d 708], wherein *Owen* v. *Beauchamp*, 66 Cal.App.2d 750 [152 P.2d 756] and *McKellar* v. *Pendergast*, 68 Cal.App.2d 485 [156 P.2d 950], relied upon by appellant are distinguished.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.