[Civ. No. 19692.   Second Dist., Div. Two.   Nov. 13, 1953.]

MIRIAM RUTH LEHMAN, Appellant, v. RICHFIELD OIL CORPORATION et al., Defendants; SAM HOLTZMAN, Respondent.

Kenny & Morris and Eleanor V. Jackson for Appellant.

Spray, Gould & Bowers, Philip L. Bradish and Robert E. Ford for Respondent.

MOORE, P. J.—From an order granting defendants' motion for a nonsuit at the conclusion of appellant's evidence, she prosecutes this appeal against respondent Holtzman only.

The substance of appellant's evidence is as follows: Respondent operates a filling station and parking lot on Grand Avenue in Los Angeles. He maintains for profit a telephone booth for public use. On a busy afternoon, May 7, 1951, about 3:30 o'clock, appellant and her companion, David Eichenlaub, drove to a point on Grand Avenue from which for 10 minutes she and David kept the booth under surveillance and observed the movements of respondent and his workmen and others on the premises. She looked intermittently to see whether the booth was occupied. She saw no one in front of the booth. After a discussion on who was

to be called, she left her automobile and proceeded on the sidewalk to the booth where she unsuccessfully for 10 minutes dialed the numbers she desired. During that interval she watched the activities on the parking lot but saw no one in front of the booth. As she stepped out, she slipped on an oily spot on the step of the booth and thereby suffered a severe injury to her left ankle. She did not look at the sole of her shoe for grease. While waiting for David immediately after her injury, she looked back about 9 feet and saw a dark oily spot where she had slipped. She testified that she knew her foot slipped on the dark spot on the step.

David Eichenlaub's testimony follows in its main features that of appellant. He came to her aid where she was leaning on a lamppost. When he arrived he also viewed the spot and said, "It looks like oil." He examined the spot on the step immediately after assisting appellant to the car and saw old grease stains and a fresher oil stain the size of a silver dollar which appeared to have been there several hours but "was still one day fresh." It was flat and had soaked in to some extent. Several days after appellant's injury, he brought her again to the booth. He looked at the step, noted that the stains were still present and took photographs of them. It was proved that every morning about 7:30 one of the employees sweeps out the booth; that it receives no other regular attention. It had been swept out as usual on the morning of May 7th preceding the accident.

The full extent of appellant's injuries is not necessary to a decision of this appeal. Omitting the details, the proof showed that appellant suffered a serious injury to her foot. After a week's suffering, a cast was applied from the knee downward and she was kept in bed about three weeks, unable to care for herself and suffered much pain and discomfort.

Under cross-examination, respondent testified that he runs a service station on the premises described by plaintiff. He has five employees, two operating the gasoline station, three serving with the parking lot and wash rack. His rules require that "the station must be kept perfectly clean for the public." While the booth is subleased to Richfield Oil Company, he manages it. He received 15 per cent of the total revenues earned by the telephone. He built the platform for the booth and agreed to keep it clean. Once a week the entire area around the booth is scrubbed, and is swept every morning. Old cars often enter the station and oil is dropped. A great many people use the booth daily.

■ Appellant's right of recovery, if any, arises from the rule that the lawful occupant of land or its improvements is liable for injuries suffered by a business visitor by reason of a natural or artificial condition thereon, provided, however, that such occupant must have known, or by the exercise of reasonable care could have discovered the condition which, if known, he should have realized as one involving an unreasonable risk for a visitor on the premises. (*Hatfield* v. *Levy Bros.*, 18 Cal.2d 798, 806 [117 P.2d 841] ; Rest. Torts, § 343.)

■ In passing upon respondent's motion, the trial court stated: "I know of nothing under the circumstances here which would necessitate his carrying on a continuous inspection of the premises as remote from the field of major activity of his business as his telephone booth other than he did." The court thereby effectually held that as a matter of law respondent was obliged to inspect the premises adjacent to the booth only once a day. With such we cannot agree. Whether the peril had existed for a time of sufficient duration to enable a reasonably prudent person to discover and remove it prior to appellant's visit was a question of fact for the jury.

Respondent is in error in contending that there was no evidence as to how long the dangerous condition had existed. The circumstances detailed above supplied phenomena of such meaningful consequences that for respondent to disregard them was to scorn the uses of deductive logic by the trier of fact and for the court to ignore them was to suspend the function of inference in deriving the truth. The facts before the jury on the trial below include the following, to wit: (1) the location of the parking lot on a street of congested traffic; (2) the popularity of the telephone; (3) the constant application of grease and oil by the workmen on the lot; (4) the immediate likelihood of pedestrians to remove grease from any part of the lot to the booth; (5) the failure to sweep the premises around the booth after 7:30 a. m.; (6) failure to find the greasy spot during the eight hours subsequent to the morning sweep; (7) the fact that respondent and his attendants were occupied throughout the day with profitable tasks. ■ Direct evidence is not essential to the proof that a dangerous condition existed so long as by the exercise of reasonable care it should have been discovered and remedied. Such fact, like other facts, may be proved by circumstantial evidence. (*Louie* v. *Hagstrom's Food Stores, Inc.*, 81 Cal.App.2d 601, 607 [184 P.2d 708].)

By reasonable inference it could have been found that

neither the premises in front of the booth nor the booth and its steps had been inspected by respondents within eight hours previous thereto; also that the oily or greasy spot had been on the step for many hours before the accident.

Whether a defective or dangerous condition of a structure existed long enough for a reasonably prudent person to have discovered the peril is a question of fact and time limitations cannot be imposed. They vary with the circumstances of each accident. (*Travis* v. *Metropolitan Theatres Corp.*, 91 Cal.App.2d 664, 667 [205 P.2d 475]; *Hatfield* v. *Levy Bros.*, 18 Cal.2d 798, 807 [117 P.2d 841].) Granting a motion for nonsuit is justified only when it can be said as a matter of law no other finding could reasonably have been deduced from the evidence. (*Finley* v. *City & County of San Francisco*, 115 Cal.App.2d 116, 119 [251 P.2d 687]; *Raber* v. *Tumin*, 36 Cal.2d 654, 656 [226 P.2d 574]; *Barton* v. *Capitol Market*, 57 Cal.App.2d 516, 520 [134 P.2d 847].)

On a motion for a nonsuit the trial court must indulge in favor of plaintiff every legitimate inference which the evidence would reasonably support. (*Idem.*) In *Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal.2d 598 [86 P.2d 829], the plaintiff entered the waiting room and during her 30-minute stay she observed no one come in or depart from the room. When attempting to leave, she slipped to her injury on oil immediately in front of the exit door. There was no claim that the company had actual notice of the presence of the oil. In affirming the judgment for plaintiff the court observed that "if no inspection of the waiting room had occurred within 24 hours . . . it might be fairly concluded by a jury that defendant had failed in its duty to plaintiff." (*Idem.* at page 601.)* In *Mattox* v. *Isley,* 111 Cal.App.2d 774, 778 [245 P.2d 664], this court held that lapse of time is not the only factor in establishing constructive notice of a defective condition, but whether the dangerous condition has existed long enough to have been discovered by a reasonably prudent man *is for the trial court to determine.*

A motion for nonsuit may properly be granted only when disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled and indulging every legitimate inference which may be drawn

---

*(See, also, *Travis* v. *Metropolitan Theatres Corp.*, 91 Cal.App.2d 664, 667 [205 P.2d 475]; *Ahern* v. *S. H. Kress & Co.*, 97 Cal.App. 2d 691, 693 [218 P.2d 108]; *Louie* v. *Hagstrom's Food Stores, Inc.*, 81 Cal.App.2d 601, 606 [184 P.2d 708].)

from the evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff. (*Raber* v. *Tumin,* 36 Cal.2d 654, 656 [226 P.2d 574].) Because the court below invaded the province of the jury by not permitting it to find the ultimate fact of negligence, appellant was deprived of her right to a fair trial.

The authorities cited by respondent do not contradict this conclusion. In *Harpke* v. *Lankershim Estates,* 103 Cal.App. 2d 143, 145 [229 P.2d 103], the plaintiff "did not see anything on the stairway that caused her to slip and fall, and she did not know what caused her to slip." Similarly in *Vaughn* v. *Montgomery Ward & Co.,* 95 Cal.App.2d 553, 557 [213 P.2d 417], the court said, "[T]here is no evidence of any foreign substance on the floor." In the present action there is adequate evidence of the oily spot's existence. In *McKellar* v. *Pendergast,* 68 Cal.App.2d 485 [156 P.2d 950], there was no evidence presented as to how long the slippery material had been on the floor. In *Girvetz* v. *Boys Market, Inc.,* 91 Cal.App.2d 827, 831 [206 P.2d 6], the court concluded that "where the only evidence is that the foreign object has been on the floor of the market for 'a minute and a half' it must be held that it is insufficient to support an inference that the defendant proprietor failed to exercise the care required of him." However, in the case at bar, the evidence showed the premises had not been inspected in eight hours.

Judgment reversed.

McComb, J., and Fox, J., concurred.