[Civ. No. 20263.   First Dist., Div. Two.   Oct. 8, 1962.]

ARTHUR OLSEN, Plaintiff and Appellant, v. ROOS-ATKINS, Defendant and Respondent.

Edises, Treuhaft, Grossman & Grogan and Charles W. Decker for Plaintiff and Appellant.

Barfield, Barfield & Dryden and Herbert Chamberlin for Defendant and Respondent.

SHOEMAKER, J.—Plaintiff Arthur Olsen, a janitor in the employ of a building maintenance company, brought this action to recover damages for personal injuries sustained when he slipped and fell on the premises where he was assigned to work, and which were owned by defendant Roos-Atkins. After a trial by jury, the verdict was for the plaintiff in the amount of $27,000. Defendant then moved for judgment notwithstanding the verdict on the grounds that (1) there was no evidence of negligence on its part, and (2) the evidence conclusively established contributory negligence on the part of the plaintiff. From the order granting this motion and awarding judgment for the defendant, plaintiff now appeals,

The rule is well established that on appeal from a judgment notwithstanding the verdict, the evidence must be viewed most strongly in favor of the verdict, and, if there is any substantial evidence in support of the verdict, the judgment must be reversed. (*Parker* v. *City & County of San Francisco* (1958) 158 Cal.App.2d 597, 602 [323 P.2d 108].)

This court must assume the truth of the plaintiff's evidence and every inference of fact which reasonably may be drawn therefrom. (*Sparks* v. *Allen Northridge Market* (1959) 176 Cal.App.2d 694, 699 [1 Cal.Rptr. 595].)

Turning now to a review of the evidence testified to by appellant, it appears that on October 10, 1958, appellant was employed as a maintenance man by the Commercial Building and Maintenance Company, and was assigned to perform janitorial services at respondent's Oakland store. Although appellant had only been employed by Commercial for a period of five or six months, he had previously been employed directly by respondent, and thus had performed maintenance work in the Oakland store for a continuous period of seven and one-half years. It was appellant's job to perform all janitorial and building maintenance services other than window washing and floor waxing on all four floors of the store. On Fridays, appellant's hours were from 8 p. m. to 4 a. m. During his initial hour of employment on Fridays, while customers were still in the store, appellant confined his work to emptying the waste containers throughout the building.

October 10, 1958, was a Friday, and appellant reported for work at approximately 7:50 p. m. He took his lunch to the basement and removed his coat. After removing his street shoes and starting to put on his work shoes, appellant remembered that it was a Friday night and that customers would still be in the store. Since appellant considered that his work shoes did not look well in front of customers, he put his street shoes back on. At this time, he looked at the bottoms of his street shoes and observed that they were clean.

Appellant then took an elevator to the second floor and began emptying wastebaskets into a large carton which he had brought for that purpose. After filling the carton, appellant started back toward the elevator, when he happened to glance at the stairway descending to the first floor. He noted a bit of dust on the ledge above the landing between the first and second floors, and concluded that he had better take care of it then before he forgot about it. After taking his carton to the elevator, appellant returned to the stairway and started

to descend. Appellant approached the right side of the stairway where there was a railing which he intended to reach for. As appellant took his first downward step and before his hand grasped the railing, appellant's right foot slipped out from under him, and he fell down the stairway with his hands in the air and his feet before him. He landed on his back near the landing between the first and second floors.

Mr. Wehner, a salesman at the boy's counter on the second floor, came to appellant's aid and helped him back up the stairs. As he and appellant passed the top step where appellant had tripped, Mr. Wehner picked up a dried piece of banana peel from the front portion of the step and said, "This is what you slipped on." Appellant then looked down and observed a wet spot further back on the step. Upon examining the heel of his right shoe, appellant found that it was also wet. Mr. Wehner then took appellant to see Mr. Ghertner, the assistant manager of the store. After Mr. Ghertner had been informed of appellant's fall, either he or Mr. Wehner said, "That's the darn kids that have been playing around." The testimony as to Wehner's part in the accident and the presence of the banana skin was directly contradicted by Wehner.

The evidence revealed that respondent had no regular janitorial service in the store during the daytime hours when appellant was not on duty. Respondent did have a rule, however, requiring all of its salespeople and other employees to keep the floors clean and to pick up any refuse which might be lying about.

The sole question presented by this appeal is whether the lower court was correct in finding that the evidence was not sufficient to support the verdict in favor of appellant. In order to resolve this question, it must first be determined whether there was substantial evidence of respondent's negligence. Appellant, in contending that there was, relies upon the rule that the proprietor of a store is liable to his invitees for injuries resulting from a dangerous condition which he ought to have discovered by the exercise of ordinary care. (*Bridgman* v. *Safeway Stores, Inc.* (1960) 53 Cal.2d 443, 446-447 [348 P.2d 696].) Appellant asserts that his own testimony in regard to the condition of the banana peel was itself sufficient to support the inference that it had been on the step long enough for a person exercising reasonable care to have discovered it. In our opinion, the record supports this contention.

According to appellant's testimony, Mr. Wehner removed "a dried piece of banana peeling" from the top step immediately after the accident. Appellant testified that the peeling was located approximately where he had placed his foot just prior to falling, but that it appeared to be slightly closer to the edge of the step. Upon looking down, appellant observed that there was a wet spot on the step just back of where Mr. Wehner had found the peeling. Upon examining his heel, appellant found it was also wet. Appellant described the piece of peeling as being black in color, and about 2½ to 3 inches in length, and 1 inch to 1½ inches in width. He further stated that the peeling was wet, but "dry around the edges," and that the spot on the floor was dried up and "gluey" in appearance. He stated that "If I had to pick it up I would have to scrape it . . . ."

In the light of this testimony, there was sufficient evidentiary support for a finding that the banana peeling had remained on the step long enough for a person exercising reasonable care to have discovered and removed it. (*Louie* v. *Hagstrom's Food Stores, Inc.* (1947) 81 Cal.App.2d 601 [184 P.2d 708]; *Travis* v. *Metropolitan Theatres Corp.* (1949) 91 Cal.App.2d 664 [205 P.2d 475].) See also *Perez* v. *Ow* (1962) 200 Cal.App.2d 559 [19 Cal.Rptr. 372], for a discussion of the type of evidence necessary to support a finding of constructive notice.

In this connection, the cases of *Girvetz* v. *Boys' Market, Inc.* (1949) 91 Cal.App.2d 827 [206 P.2d 6] (banana on floor for one and one-half minutes), and *Hale* v. *Safeway Stores, Inc.* (1954) 129 Cal.App.2d 124 [276 P.2d 118] (banana on floor at least ten minutes) discuss the applicable doctrine. We quote from the latter case, commencing at page 128: " ' "To impose liability for injuries suffered by an invitee due to the defective condition of the premises, the owner or occupier 'must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises. His negligence in such cases is founded upon his failure to exercise ordinary care in remedying the defect after he had discovered it.' " (*Hatfield* v. *Levy Brothers*, 18 Cal.2d 798, 806 [117 P.2d 841]).' . . .

" 'Further, the question of whether the condition which caused the injury had existed so long as to be discoverable by the store owner within a reasonable time is for the jury.'

"In regard to this element, the court, in *Louie* v. *Hagstrom's Food Stores, Inc., supra,* at page 608 stated:

" 'The exact time the condition must exist before it should, in the exercise of reasonable care, have been discovered and remedied, cannot be fixed, because, obviously, it varies according to the circumstances. A person operating a grocery and vegetable store in the exercise of ordinary care must exercise a more vigilant outlook than the operator of some other types of business where the danger of things falling to the floor is not so obvious.'

"The case of *Girvetz* v. *Boys' Market, Inc.,* 91 Cal.App.2d 827 [206 P.2d 6], cited by respondent, has facts which are almost identical with the case at bar, except as to the element of time the dangerous condition had existed. The suit involved a plaintiff who had slipped on a banana peel in the defendant's vegetable store. The *only* evidence as to how long the peel had been there was the testimony that someone had seen it there a minute and a half before the plaintiff fell. After a jury verdict for the plaintiff, the court granted a judgment notwithstanding the verdict. In affirming the judgment, the appellate court said:

" 'Viewing the case, as we must, in the light most favorable to plaintiff, it appears that her fall was the result of a dangerous condition existing on the floor of the defendant's market, with approximately 15 employees within a radius of 15 feet from the scene of the accident, but that the circumstances are such as to afford no basis for an inference that the condition was created by the proprietor or his employees. The question is whether, in the circumstances, it can be inferred that the dangerous condition had existed for such a length of time as to justify charging the defendant with lack of ordinary care in failing to discover and remedy it before the plaintiff was injured. As stated in *Louie* v. *Hagstrom's Food Stores, supra,* at page 608, the exact time the condition must exist before it should, in the exercise of reasonable care, have been discovered and remedied, cannot be fixed, but varies according to the circumstances. It may be conceded that ordinary care in the case of a public market involves a more vigilant outlook than in the case of an apartment house lobby. It *might also be conceded that the presence of a condition such as was shown in the circumstances of this case for as long as 10 or 15 minutes would in all probability be held to justify submitting the cause to the jury* . . . Obviously, the exact time that a dangerous condition must exist in order to

charge the proprietor cannot be stated as a matter of law. . . .' (Emphasis added.)''

Moreover, such a finding is also supported by the evidence indicating that respondent had made no inspection of the stairway for the period of time prior to the accident, when plaintiff quit his work the morning before at 1:20 a. m.

Our courts have held that evidence that an inspection had not been made within a particular period of time prior to an accident may warrant an inference that the defective condition existed long enough to have been discovered by a person exercising due care. (*Bridgman* v. *Safeway Stores, Inc., supra,* at p. 447; *Sapp* v. *W. T. Grant Co.* (1959) 172 Cal.App.2d 89 [341 P.2d 826].)

Respondent contends, however, that a storekeeper, such as itself, cannot be held liable for an injury to a person employed to keep its premises clean and to remove refuse, as a result of slipping or tripping over the exact dirt or rubbish it was his duty to observe and remedy. In order to affirm the judgment notwithstanding the verdict on the theory urged by respondent, this court would be compelled to hold *as a matter of law* that an employee of an independent contractor has no cause of action in negligence if his injuries resulted from a condition which it was his duty to correct. This defense is in reality nothing more nor less than that of contributory negligence.

Since there was ample evidentiary support, as above noted, for the jury's implied finding that respondent was negligent, it remains to be determined whether the judgment in respondent's favor may be upheld on the ground that appellant was contributorily negligent as a matter of law. The facts favorable to appellant reveal that he approached the right side of the stairway and reached out for the railing; that he looked down as he took his first step and did not observe any foreign substance on the marble, but that his right foot slipped out from under him as he took his first downward step before his hand had grasped the railing. There was also evidence that the piece of banana peeling was of a relatively small size; that it was black in color; and that the stairs were similarly of a "darkish" material. This evidence was clearly sufficient to present a question of fact for the jury as to whether or not appellant exercised the proper degree of care for his own safety. The court gave thorough instructions on the issue of contributory negligence. The jury was instructed that appellant was required to use his eyes, intelligence, and

other faculties, to protect him from injury, and that if the condition of the premises was open and visible and could have been observed by him through the use of ordinary care, his failure to do so would preclude him from recovery. The jurors were also informed of the inference that one who looks in the direction of an object clearly visible sees it. Although respondent stresses the fact that appellant, as a janitor thoroughly familiar with the premises, was subject to a higher duty of care than the ordinary store patron, it does not appear that respondent requested any instructions to that effect. In any event, the evidence favorable to appellant indicates that he acted in a prudent and careful manner. Under these circumstances, it cannot be said that contributory negligence was established as a matter of law.

Since, as above noted, there was also sufficient evidence of respondent's negligence, the order and judgment notwithstanding the verdict is reversed, and the cause remanded with instructions to the trial court to enter judgment in favor of appellant.

Agee, J., concurred.

KAUFMAN, P. J.—I dissent: It is my view that the judgment for the defendant should be affirmed. I do not feel that a storekeeper has any duty to keep its floor clean toward a person employed by an independent contractor, who in turn, had a contract with the storekeeper to keep the floor clean. If this is not so, then the storekeeper would have to hire a janitor to keep the floor clean before the regular janitor working for the independent contractor, whose duty it was to keep the floor clean under the contract, came on the job, and this could go on ad infinitum. I think, basically, there was no legal duty on the part of the storekeeper toward the employee of the independent contractor. Before there can be negligence on the part of the storekeeper, there must be a legal duty on his part to perform in favor of the injured party. The only negligence in this case was the negligence of the plaintiff employed by the independent contractor by failing to see an object in clear view on the floor.

Furthermore, there is no substantial evidence in the record to show that the alleged dangerous condition had existed long enough for the owner, in the exercise of reasonable care, to have discovered it and remedied it. Speculation, conjecture and surmise as to the length of time the banana peel was on the stairs are not enough. The fact alone that a dangerous

condition of business premises has resulted in an injury will not warrant an inference that the owner was negligent. (See *Girvetz* v. *Boys' Market, Inc.*, 91 Cal.App.2d 827 [206 P.2d 6].)

Respondent's petition for a hearing by the Supreme Court was denied December 5, 1962. White, J.,* participated therein. Schauer, J., and McComb, J., were of the opinion that the petition should be granted..

---

*Retired Justice of the Supreme Court sitting pro tempore under assignment by the Chairman of the Judicial Council.