FOURT, J.
 

 This is an appeal from a money judgment for personal injuries received by plaintiff in a trip and fall accident, and from an order denying a motion for judgment notwithstanding the verdict.
 

 In her complaint plaintiff alleges that at about 9 p.m. on August 26, 1964, she was a business invitee and licensee upon the apartment house premises of defendants in the Van Nuys area of Los Angeles. It was further set forth that defendants caused the steps and passageway of the premises to become unsafe to persons using the same and as a result of defendants’ negligence, plaintiff, while using the same, fell thereon and injured herself which resulted in damages to her. The defendants denied any negligence, admitted the ownership of the building and affirmatively asserted that plaintiff was guilty of contributory negligence. In a jury trial the jury returned a unanimous verdict for plaintiff in the sum of $7,240. Motions for a new trial and for judgment notwithstanding the verdict were made by defendants and denied by the judge. A timely notice of appeal was filed.
 

 Plaintiff was a baby sitter on the premises at the instance
 
 *640
 
 and request of tenants of the defendants. She left one apartment (Doctor Goldman’s) where she had been baby sitting and walked to another tenant's apartment for the purpose of baby sitting for the last-mentioned tenant. On her way to the second apartment at about 9 p.m. she tripped over a single step or rise while crossing a courtyard or patio of the premises. The cement rise or step was of the same material as the lower portion of the courtyard and the upper portion of the courtyard. There were no markings or painting on the side or top of. the step or rise to show that the area was not a continuous level courtyard. There was no direct lighting to give notice of the location of the step or rise. Even when all of the lights were on, including the lighting of the individual apartments, the rise or step was quite indistinguishable and barely visible such as a shadow would be.
 

 Plaintiff had been on the premises previously; however she had never been by or over the step or rise in question at night before the accident occurred, and she did not remember about the step or rise at the time she tripped and fell. The normal courtyard lights were not on at the time plaintiff fell. At about 12:30 a.m. on the night plaintiff fell, Doctor Goldman, a tenant in the premises, stumbled on the rise or step in question. There was no evidence by defendants, or otherwise, as to when the patio lights were set to go on or off or even that there were bulbs in the sockets of such lights at the time plaintiff tripped and fell. There was testimony by Mrs. Soroka, the lady for whom plaintiff was to work as a baby sitter, that the light bulbs were out quite a bit and even if reported out, that frequently the defendants did not fix the lamps.
 

 In the closing argument plaintiff’s counsel discussed pain and suffering, that plaintiff could be compensated only once, that a person being robbed would give up money rather than suffer pain and that even a person on death row in San Quentin was not allowed to suffer pain at the execution. An objection was made by defendants’ counsel and sustained by the judge upon the ground that it was immaterial in this case as to what takes place in an execution in the state prison, and the jury was instructed to disregard that part of plaintiff’s argument.
 

 Appellants now assert that there was no substantial evidence to support the verdict,.that it was error, to fail to..grant. the. motion for judgment notwithstanding the verdict, .that plaintiff was guilty of contributory negligence as a matter of
 
 *641
 
 law, and that'the arguments of plaintiff’s counsel prevented them from having a fair trial.
 

 Appellants seem to argue that there was no evidence to the effect that they knew that the lights were off, and, therefore, they cannot be held responsible for what occurred. The question as to whether the same conditions (as to there being no lighting), which existed at the time of plaintiff’s trip and fall, had existed prior thereto for a time of sufficient duration to enable a reasonably prudent person to discover and correct the situation was a question of fact for the jury. As stated in
 
 Lehman
 
 v.
 
 Richfield Oil Corp., 121
 
 Cal.App.2d 261, 265 [263 P.2d 13] : “Whether a defective or dangerous condition of a structure existed long enough for a reasonably prudent person to have discovered the peril is a question of fact and time limitations cannot be imposed. They vary with the circumstances of each accident. [Citations.] ’’ There was no evidence by defendants to the effect that the lights were set to go on at a time certain, that such lights went on the night before or that they went on during the night in question, that operable bulbs were installed in the light sockets, that the lighting when all of the bulbs were in and lighted would be such as to show more than a mere shadow where the courtyard step or rise was located.
 

 “Direct evidence is not essential to the proof that a dangerous condition existed so long as by the exercise of reasonable care it should have been discovered and remedied. Such fact, like other facts, may be proved by circumstantial evidence. ’ ’
 
 (Lehman
 
 v.
 
 Richfield Oil Corp., supra,
 
 p. 264.)
 

 Appellants seemingly further argue that there must have been some electrical or mechanical failure which caused the lights to go off on the night in question. There is no evidence of any such failure in the record in this ease. There was no showing made as to what time the lights were to come on or to go off, if set, or whether the lights had been set to go on before the time of the accident, whether the lights had been set one week, or two weeks, before the accident or at all.
 

 In any event, the jury could have inferred that the step’s or rise’s being unpainted and unmarked was dangerous and, further, that in any event even when all of the lights were on the lighting was inadequate and the step or rise was dangerous.
 

 “An owner is required to exercise ordinary care to render his premises reasonably safe for use by invitees thereon.
 
 *642
 
 [Citations.] ”
 
 (Powell
 
 v.
 
 Vracin,
 
 150 Cal.App.2d 454, 456 [310 P.2d 27].)
 

 See
 
 Powell, supra,
 
 at page 458, where it is appropriately stated: ‘ ‘ Forgetfulness of a known danger will not operate to prevent a recovery, for to forget is not negligence unless it shows a want of ordinary care. And generally the question is for the trier of fact. [Citations.] ”
 

 The court in
 
 Kirk
 
 v.
 
 Los Angeles Ry. Corp.,
 
 26 Cal.2d 833 stated at page 838 [161 P.2d 673, 164 A.L.R 1]: “In considering those contentions, the rule, as recently stated by this court in
 
 Anthony
 
 v.
 
 Bobbie
 
 [25 Cal.2d 814 (155 P.2d 826) ], is applicable :
 

 “ ‘But eases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion. ’
 

 C C
 

 “ ‘Accordingly, where a situation requires an immediate choice between alternative courses of conduct, negligence may not be inferred from an unwise choice, if a reasonable man, under similar circumstances, would choose similarly. And under such circumstances one may be excused if he loses his presence of mind, momentarily forgets, errs in judgment, or omits cautionary measures which should otherwise have been taken, even though the effect of his conduct is to cause him to encounter the danger sought to be avoided. Whether a person in a position of imminent danger acted reasonably is a question of fact for the jury, but in determining the question, conduct must be viewed in the light of the confusion and excitement of the moment and not in view of the circumstances and surroundings of one not in danger. ’ (19 Cal.Jur. 598.) And the rule has been extended to cover rescue of property. [Citation.] ’’
 

 It is evident it cannot be said as a matter of law that plaintiff was guilty of contributory negligence.
 

 In this ease the jury rendered a unanimous general
 
 *643
 
 verdict and . . it is clear ‘that such a verdict imports findings in favor of the prevailing party on all material issues [citations]; that if the evidence supports implied findings on any set of issues which will sustain the verdict it will be assumed that the jury so found [citation]; that the court on appeal does not have to speculate on what particular ground the jury may have found in favor of the prevailing party [citation] . . .’ [Citation.] The scope of our review is to determine whether there is any substantial evidence, contradicted or uncontradieted, supportive of the jury’s conclusion. [Citations.]”
 
 (Nigro v. West Foods of California,
 
 218 Cal.App.2d 567, 571, 572 [32 Cal.Rptr. 692].)
 

 As we have pointed out, there is evidence from which the jury could have determined that defendants were guilty of negligence. Under such circumstances, it was proper for the judge to deny the motion for judgment notwithstanding the verdict.
 

 With reference to the claim that plaintiff was guilty of contributory negligence as a matter of law, it is apparent from what previously has been stated herein that there is no merit to such a claim. The jury, under the circumstances of this case, could properly have found, as it must have, that there was no contributory negligence upon the part of plaintiff. Appellants rely heavily upon what is said in
 
 Mawhiney v. Signal Trucking Co.,
 
 132 Cal.App.2d 809 [283 P.2d 27], in this connection. It is to be noted that
 
 Mawhiney
 
 involved a claim of negligence of the defendant. Contributory negligence was not a factor in that case.
 

 Appellants assert that in counsel’s closing argument he made some reference to the effect that the law forbade cruel and unjust punishment and such facts should be taken into consideration by the jury in evaluating the pain suffered by plaintiff. The argument was not reported, and, hence, we have no transcript of what was said. It is clear, however, that whatever was stated was not of such consequence as to cause defendants’ counsel to request that the remarks made by plaintiff’s counsel be made a part of the record at the time the supposed remarks were made.
 

 The complained-of remarks were argued at the motion for a new trial. The trial judge was not a novice in trying cases, and from what he saw and heard, and from observing the entire situation, he concluded that the remarks were not prejudicial. Furthermore, apparently the jury was admonished to pay no attention to the complained-of remarks.
 
 *644
 
 A judgment will not be reversed because of a remark during the closing argument which though improper appears to have been casual when there is nothing to indicate that the jurors were, or could have been, prejudiced thereby against the adverse party.
 

 The record in this case supports the verdict and judgment. There was no lighting of the step or rise, or the walkway itself; there were no markings or painting on the side or top of the step and even when the lights were on full, the step or rise was vague and visible as a shadow only. The evidence was that it was dark and that plaintiff tripped and fell when she collided with the rise or step which was of the same coloring as the lower and upper courtyard surface.
 

 The order denying a motion for judgment notwithstanding the verdict and the judgment are, and each is, affirmed.
 

 Wood, P. J., and Lillie, J., concurred.