NANCY LEONE, RESPONDENT, v. SAFEWAY STORES, IN-CORPORATED, A CORPORATION OF MARYLAND, APPELLANT.

Argued October 2, 1945—Decided December 28, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the appellant, *Wilbur A. Stevens.*

For the respondent, *Jacob E. Max.*

The opinion of the court was delivered by

PARKER, J. The plaintiff respondent, a widow of middle age, while shopping in defendant's "self service" food store, was injured, according to her testimony, by several cans containing food falling from a counter on one of her feet as she was passing through an aisle; and brought the present action for damages. The jury found a verdict of $1,500 in her favor, and defendant appeals. The grounds of appeal are: refusal to nonsuit on the ground of (a) no proof of negligence: (b) assumption of risk: refusal to direct a verdict for defendant on the same grounds, and (c) contributory negligence.

Assuming for the nonce that the evidence indicated primary negligence of defendant, we see no merit in the defense either of contributory negligence or assumption of risk. The plaintiff was following the course habitual in such stores: she was provided by the management with a sort of pushcart, called by her a "wheel" and by defendant a "carriage" and was selecting and placing thereon from the counter display such goods, apparently in cans or packages, as she wished to buy, to be checked later by the cashier. Her claim was that as she was passing through a narrow space between two loaded counters and in the act of meeting another customer, several cans fell from a counter on her foot, causing injury which required surgical treatment. In her testimony she claimed that the fall of the cans was caused by vibration due to a heavy truck passing through the street: but the jury were not confined to that theory either on the record or in the charge of the court. The complaint charged negligence in five aspects: (1) maintenance of the stock in a dangerous condition: (2) employment of incompetent help: (3) and (4) substantially the same as No. 1: (5) failure to give notice of the danger. The proof indicated that there were no attendants at the counters, but that the goods were stacked thereon and that customers helped themselves, as already stated.

The main point seems clear: that from the fact of the cans falling apparently without any direct human intervention, it was legitimate for the jury to infer negligence of some kind within the limits of the complaint: and the ques-

tion whether or not the fall was due to vibration caused by a truck, or mere faulty stacking of the goods, seems to us quite immaterial. The court quite properly left the question of negligence to the jury; and that is the only point made on this appeal.

The judgment will be affirmed.