[Civ. No. 21986.   Second Dist., Div. Three.   Apr. 25, 1957.]

ETHEL L. POWELL, Respondent, v. DANIEL J. VRACIN et al., Appellants.

James V. Brewer for Appellants.

Houser & Beam and Elsworth M. Beam for Respondent.

VALLÉE, J.—Appeal by defendants from a judgment for plaintiff entered on a jury verdict in an action for damages for personal injuries.

On October 29, 1953, in the daytime plaintiff fell as she was going out of defendants' house where she was working as a baby sitter.

We shall, in accordance with the rule, state the evidence most favorable to the prevailing party—plaintiff. In defendants' house there was an opening in an outer wall of the dining room leading outside the house. The opening was to be a door eventually. It was filled temporarily with two sliding glass panels and outside those, two sliding screens. The floor level at the opening was about 20 inches higher than the ground level outside. There were no steps from the house to the ground. The ground immediately outside the opening was "real slick," hard, and sloped away from the house. Defendants knew the conditions.

Defendants had several children. Four of them, ranging in age from 2½ to 6 years, were at home the day of the accident. Defendants were not at home and plaintiff was in charge of the children. Plaintiff was in the kitchen. "Hucky," 3½ years old, came into the kitchen with a sharp piece of metal. Plaintiff reached for the metal; Hucky jerked, dodged, and ran out of the house into the yard. Plaintiff called to him and in about two minutes he came back through the glass sliding doors without the metal. Andrew, 2½ years old, was playing in the yard at the time. Fearful that Hucky would get the metal again or that Andrew would get it, plaintiff hurried to the glass sliding door to go to the yard to find the metal before the children got it. She went "out through the glass door, because that was the way he came in and that was the shortest way to the metal." She walked to the door, took hold of the handle, and stepped down. As she stepped down she fell and fractured her left ankle.

Defendants first claim plaintiff failed to prove negligence and that she was guilty of negligence as a matter of law. It is argued that the conditions were open and obvious; any danger was open and known to plaintiff; and there was no duty on defendants to warn of danger she already knew.

■ Generally the owner of property is under a duty to keep in safe condition all parts of premises over which he has control. (*Austin* v. *Riverside Portland Cement Co.*, 44 Cal.2d 225, 233 [282 P.2d 69].) ■ An invitee is one who goes on the premises of another at the other's invitation, express or implied, and whose presence there is to their mutual interests. (*Boucher* v. *American Bridge Co.*, 95 Cal.App.2d 659, 667 [213 P.2d 537].) The evidence is uncontradicted that plaintiff was on defendants' premises at their express invitation and to their mutual interests—she was on the premises as an invitee. ■ An owner is required to exercise ordinary care to render his premises reasonably safe for use by invitees thereon. (*Woodard* v. *Bank of America*, 130 Cal.App.2d 849, 853 [279 P.2d 1018]; *Hale* v. *Safeway Stores, Inc.*, 129 Cal. App.2d 124, 128 [276 P.2d 118].)

In *Rafferty* v. *City of Marysville*, 207 Cal. 657 [280 P. 118], the plaintiff fell in stepping from the sidewalk to the gutter, a distance of 15 inches, and was injured. A judgment for the plaintiff was upheld, the court saying (p. 660):

"Negligence is relative to the time, place and circumstances which bear upon the particular acts under investigation. Each case must depend upon its own state of facts, and so varying

are the factors which contribute to produce a result that no hard-and-fast rule may find practical application in the great majority of cases. . . .

"[P. 663.] No case has been cited where the distance of the tread from sidewalk to street or from tread to tread in any kind of traffic lane was as great as fifteen inches. . . .

"We think we may well take notice of the fact that steps or treads, whether in public places, or stairways in private residences, or upon public sidewalks or other places built for pedestrian purposes, seldom, if ever, exceed seven or eight inches, and the public has become accustomed to approximately such a distance. A misjudgment by the fraction of an inch is sufficient to disturb the physical equilibrium." (Also see *Shellman* v. *Hershey*, 31 Cal.App. 641 [161 P. 132].)

The evidence as to the nature of the exit, the 20 inches from the floor level to the ground, the slant and slick condition of the ground, was such as to make the question whether defendants were negligent in thus maintaining the exit or whether, if so maintained, it was unsafe or dangerous, one peculiarly for the jury's resolution. Whether the step from the floor level to the ground and the ground immediately outside the opening were so negligently maintained as to render defendants liable in damages was a question of fact for the jury. (*Tuttle* v. *Crawford*, 8 Cal.2d 126 [63 P.2d 1128].)

There is no merit in defendants' argument that there is no evidence as to how the accident happened or what caused plaintiff to fall except that she turned her ankle. Plaintiff testified: "[J]ust as I stepped out there, it [her foot] just— well, I just went down"—that her ankle turned "[o]n the ground it was so slanting and hard," and "Q. [By Mr. Beam, attorney for plaintiff] : And then what happened, if anything? A. Well, I don't know. The next thing I knew I was on the ground. Q. Where were you in relation to the house? A. Well, just down at the side, right straight down from the doors."

It is asserted plaintiff was guilty of contributory negligence because she had used the exit once or twice before without falling, knew there was "bare ground" outside, knew the distance from the floor to the ground and that there were other means of exit from the house. Plaintiff had used the exit a time or two before the accident. When Hucky went out with the piece of sharp metal he went close to the sliding door.

Andrew was about two feet from that door, sitting on the ground. This was the nearest exit to where Andrew was sitting. Plaintiff testified: "I didn't take time to go over the long ways"—this was 15 to 20 feet shorter—at this time she was more in a hurry to get out. Plaintiff testified further: "But when I went out that door that day, all I was thinking of was getting that piece of metal before either Hucky got it again or Andrew picked it up"—"[w]ell, like I say, I just had that metal on my mind"—that at the moment she took hold of the door handle all she "was thinking of was getting out to get that piece of metal."

■ Forgetfulness of a known danger will not operate to prevent a recovery, for to forget is not negligence unless it shows a want of ordinary care. And generally the question is for the trier of fact. (*Neel* v. *Mannings, Inc.*, 19 Cal.2d 647, 656 [122 P.2d 576]; *Austin* v. *Riverside Portland Cement Co.*, 44 Cal.2d 225, 237 [282 P.2d 69].) The court in *Kirk* v. *Los Angeles Ry. Corp.*, 26 Cal.2d 833 [161 P.2d 673], stated (p. 838):

"In considering those contentions, the rule, as recently stated by this court in *Anthony* v. *Hobbie,* 25 Cal.2d 814, 818 [155 P.2d 826], is applicable:

" 'But cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion.' . . .

" [P. 841.] 'Accordingly, where a situation requires an immediate choice between alternative courses of conduct, negligence may not be inferred from an unwise choice, if a reasonable man, under similar circumstances, would choose similarly. And under such circumstances one may be excused if he loses his presence of mind, momentarily forgets, errs in judgment, or omits cautionary measures which should otherwise have been taken, even though the effect of his conduct is to cause him to encounter the danger sought to be avoided. Whether a person in a position of imminent danger acted reasonably is a question of fact for the jury, but in determining the

question, conduct must be viewed in the light of the confusion and excitement of the moment and not in view of the circumstances and surroundings of one not in danger.' (19 Cal.Jur. 598.) And the rule has been extended to cover rescue of property. (*Henshaw* v. *Belyea,* 220 Cal. 458 [31 P.2d 348].)''

It is evident it cannot be said as a matter of law that plaintiff was guilty of contributory negligence.

We have examined the some thirty cases cited by defendants and find none of them factually analogous.

The court on its own motion gave this instruction:

''I instruct you that the plaintiff was an invitee on the premises in question and that she was an invitee at the time when she sustained the alleged injury for which she has brought this action.''

At defendants' request the court charged the jury:

''In considering whether or not the plaintiff was an invitee of defendants at the time and place of the accident in question, even if you should find that she entered the premises of said defendant as an invitee, you should consider further the scope of the invitation. All the circumstances of a case may sometimes show that an invitee is such for limited purposes only or that her privileges as such have certain limitations. When such is the case, if she goes beyond those limits, if she enters part of the premises, or makes some use thereof, not embraced within the scope of her invitation, she thus and then loses her status as an invitee.

''Often the invitation that makes a person an invitee on the premises of another is not an express invitation but is only implied. When considering the scope of an implied invitation, the jury, if its judgment so directs, may infer that the invitation extended to all those parts of the premises on or in which the invitee naturally would be likely to go.''

Defendants say that in view of their testimony the instruction given at their request was a proper instruction and the one given on the court's own motion conflicts with it. They say further it was error to take the issue of whether plaintiff was an invitee from the jury in the latter instruction. Defendant Daniel J. Vracin testified that prior to the accident he had told plaintiff the exit ''was not a passageway, not to be used by the children at all,'' and it was to be kept closed and not used as a doorway. Defendant Mary Louise Vracin testified she told plaintiff prior to the accident they did not use the exit as a door. Plaintiff testified neither Dr. nor Mrs. Vracin ever said anything to her about the use or nonuse of

the sliding door exit. There was evidence that the day before the accident Dr. Vracin used the exit several times and that the children used it.

The instruction given at defendants' request is a correct statement of the law. ■ A person may be an invitee in a portion of a building and not have that status as to another portion thereof. (*Medcraft* v. *Merchants Exchange*, 211 Cal. 404, 407 [295 P. 822].) *Johnston* v. *De La Guerra Properties, Inc.*, 28 Cal.2d 394 [170 P.2d 5], states (p. 399):

"The duty of the invitor to exercise reasonable care toward an invitee applies, however, only to that portion of the premises to which the invitee under the circumstances of the invitation would be likely to go. But where the invitee has been intentionally or negligently misled into the reasonable belief that a particular passageway or door is an appropriate means of reaching the business area, he is entitled to the protection of a visitor while using such passageway or door. (*Tschumy* v. *Brook's Market*, 60 Cal.App.2d 158, 164-166 [140 P.2d 431]; Rest., Torts, § 343, Comment b.) In other words, the invitation, and consequently the duty, of the invitor are sufficiently extensive to protect the business visitor in his use of such means of ingress and egress as by allurement or inducement, express or implied, he has been led to employ. . . .

" [P. 400.] The rule is that an invitor owes a duty to business invitees to use reasonable care as to all portions of the premises over which he has control, whether they be within the precincts of the building or on the outside and used by the general public in common with invitees.''

■ While on critical analysis there is a conflict in these instruction, we do not believe the error was prejudicial. The court did not tell the jury plaintiff was an invitee in the use of the sliding door exit. At defendants' request an instruction which is set out in the margin was given which in effect told the jury they were entitled to assume plaintiff would perceive that which would be obvious to her on the ordinary use of her own senses; that there was no duty to give plaintiff notice of an obvious danger; and that if no circumstance existed to cause them to think differently, defendants had a right to assume plaintiff was possessed of normal faculties of sight and would exercise ordinary care.[1] The court also told the jury: "Whether or not it is negligence for one to proceed into a

---

[1] "Toward an invitee, those who joined in the invitation are obliged to refrain from active negligence and to exercise ordinary care to keep

dangerous situation of which he had previous notice is a question of fact not always and necessarily to be answered in the affirmative. If at the time he was aware of the danger and also appreciated its extent, and if he voluntarily and unnecessarily exposed himself to it, then he was negligent as a matter of law.'' At defendants' request the court also gave an instruction on unavoidable accident.

In view of what we have said, the giving of an instruction on momentary forgetfulness was not error, as claimed by defendants.

The court declined to give three instructions requested by defendants which are set out in the margin.[2] Defendants

---

the premises in a condition reasonably safe for the invitee in the reasonable pursuit of a purpose embraced within the invitation.

''But the responsibility of one having control of the premises is not absolute; it is not that of an insurer. If there is danger attending upon the entry, or upon the work which the invitee is to do on the premises, and if such danger arises from conditions not readily apparent to the senses, and if the owners have actual knowledge of them, or if they are discoverable by them in the exercise of ordinary care, it is their duty to give reasonable warning of such danger to the invitee. The owners are not bound to discover defects which reasonable inspection would not disclose, and they are entitled to assume that the invitee will perceive that which would be obvious to him or her upon the ordinary use of her own senses. In brief, there is no duty to give the invitee notice of an obvious danger.

''In the absence of appearances that caution him or her, or would caution a reasonably prudent person in like position, to the contrary, the invitee has a right to assume that the premises he or she was invited to enter are reasonably safe for the purposes for which the invitation was extended, and to act on that assumption.

''Each, the invitee and the invitor, so long as he or she is exercising ordinary care and no circumstance exists that either causes him or would cause a reasonably prudent person in his position to think differently, has a right to assume that the other is or will be possessed of normal faculties of sight and hearing and will exercise ordinary care, and has the right to rely on that assumption.''

[2]''You are instructed that if you find the plaintiff knew of the situation or condition at the place where she fell, then there was no negligence on the part of the defendants and your verdict should be for defendants.''

''You are instructed that the defendants were not obliged to warn plaintiff of an obvious danger or one which should have been perceived by plaintiff through the ordinary use of her own senses.''

''The issues to be determined by you in this case are these:

''First: Was the defendant negligent?

''If you answer that question in the negative, you will return a verdict for the defendant. If you answer it in the affirmative, you have a second issue to determine, namely:

''Was that negligence a proximate cause of any injury to the plaintiff?

''If you answer that question in the negative, plaintiff is not entitled to recover, but if you answer it in the affirmative, you then must find on a third question:

''Was the plaintiff negligent?

''If you find that she was not, after having found in plaintiff's favor

assert error. There was no error. To have given the first of these instructions would have been error. It would have conflicted with the instruction on momentary forgetfulness. The subject matter of the other two was fully covered by instructions given.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied May 16, 1957, and appellants' petition for a hearing by the Supreme Court was denied June 19, 1957.

on the other two issues, you must then fix the amount of plaintiff's damages and return a verdict in her favor.

"If you find that plaintiff was negligent, you then must determine a fourth issue, namely:

"Did that negligence contribute in any degree as a proximate cause of the injury of which plaintiff here complains?

"If you find that it did, your verdict must be for the defendant, but if you find that it did not, and you previously have found that there was negligence on defendant's part which proximately caused plaintiff injury, you then must fix the amount of plaintiff's damages and return a verdict in her favor.

"As indicated in this instruction, you should first determine the question of liability before you undertake to fix an amount that would compensate for damage, if any, found to have been suffered."