46 N.J. Super. 394 (1957)
134 A.2d 799
PAULINE FRANCOIS, PLAINTIFF-APPELLANT,
v.
AMERICAN STORES COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 16, 1957.
Decided September 26, 1957.
*396 Before Judges CLAPP, JAYNE and HUGHES.
Mr. George R. Sommer argued the cause for plaintiff-appellant.
Mr. John W. Taylor argued the cause for defendant-respondent.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This action, brought to recover damages for personal injuries, was dismissed at the close of the plaintiff's case. She appeals.
There was proof from which a jury could properly have inferred that plaintiff was injured under these circumstances. She had started shopping at defendant's self-service market at about six in the afternoon, and at the time of the accident was standing with her cart of merchandise in a "little narrow place," "very narrow quarters," having "reached the cashier's desk" or rather an aisle about three feet from the desk. Behind her were a lot of cases stacked up, and on top of them were "packed" or stacked at least three dozen cans of soda, quite possibly so located as to catch the eye of many customers converging toward the cashier's desk on their way out of the store, and thus to push the sale of the soda. While plaintiff was standing there, the cans fell off the stacks, hitting her from the rear and tumbling under her feet. This threw her off her balance, and she grabbed "a chewing gum stand" for support; it, however, toppled over, not being sufficient to sustain her, and she then being unable to regain her equilibrium, fell flat on her back, resulting in a compression fracture of the *397 fourth vertebra. There is no proof that customers had ever handled or bought any of these cans after they had been stacked on the cases, nor anything to indicate precisely how the cans were arranged before they fell, or whether there were cardboards between the rows of cans, or whether the practice of the defendant was to restack the cans in case they were disarranged, or at what hour or hours in the day such restackings were undertaken.
The only question requiring consideration is whether the doctrine of res ipsa loquitur is applicable to the case. There can be little dispute but that where a person is injured by falling cans of groceries, that had been piled on the counter of a grocery store, other than a self-service store, the circumstances may bring the doctrine into operation. Crawford v. American Stores Co., 5 N.J. Misc. 413 (Sup. Ct. 1927); cf. Gordon v. Weinreb, 13 N.J. Misc. 835 (Sup. Ct. 1935); Cleary v. Camden, 118 N.J.L. 215 (Sup. Ct. 1937), affirmed 119 N.J.L. 387 (E. & A. 1938), referring (18 N.J.L., at pages 219, 220) to various cases dealing with falling objects, wherein the doctrine was held applicable. Defendant insists, however, that the doctrine is not fairly applicable to a self-service store where customers handle the merchandise, citing Lewin v. Ohrbach's, Inc., 14 N.J. Super. 193 (App. Div. 1951), and Simpson v. Duffy, 19 N.J. Super. 339 (App. Div. 1952). However, an examination of other cases indicates that whether or not this is so, depends on circumstances. Leone v. Safeway Stores, Inc., 133 N.J.L. 478 (Sup. Ct. 1945); Hussey v. Giant Tiger Corp., 119 N.J.L. 519 (E. & A. 1938); Robinson v. Atlantic & Pacific Tea Co., 184 Misc. 571, 54 N.Y.S.2d 42 (Sup. Ct. 1945), affirmed 269 App. Div. 977, 59 N.Y.S.2d 290 (App. Div. 1945), leave to appeal to the Court of Appeals denied, 269 App. Div. 1024, 59 N.Y.S.2d 623 (App. Div. 1945); cf. Baily v. American Stores Co., 71 Pa. Dist. & Co. R. 613 (D. Ct. 1950).
It is almost always said that the doctrine of res ipsa loquitur does not come into play unless the defendant has exclusive control of the instrumentality causing the accident. *398 But this test of exclusive control at the time of the accident often gives the court but a very rough criterion to work with. Prosser, Torts (2d ed. 1956), 205 et seq.; Harper and James, Torts, § 19.7 (1956); cf. the interesting opinion in Bornstein v. Metropolitan Bottling Co., 45 N.J. Super. 365 (App. Div. 1957), holding that this test does not apply in connection with an exploding bottle or in that type of a case; Alston v. J.L. Prescott Co., 10 N.J. Super. 116, 127 (App. Div. 1950). Thus, here, if a customer in a self-service store had disarranged the stacks of cans 30 minutes before the accident, the question whether or not the res ipsa doctrine is applicable should not be allowed to turn on whether the defendant had exclusive control of the cans at the time of the accident. Rather the proper test, as Prosser and Harper and James (locus cited) point out, is whether there is evidence from which the court (Bornstein v. Metropolitan Bottling Co., supra) can find that in the ordinary course of things the mishap, more likely than not, was the result of defendant's negligence. If the court so finds, it will of course deny the motion to dismiss.
We think we may take judicial notice that in self-service stores, such as the one here, the customer is expected and indeed invited to handle and examine articles of merchandise displayed or stacked in the store, to remove them from where they stand and, if he decides not to make the purchase, then to put them back. The defendant, having established a business of this nature, is under a duty to take reasonable measures to guard against injuries to customers due to such fallings of stacked merchandise as may result from these actions of other customers. If customers are generally careless in pulling out articles from the stack and in reinserting them, the duty on the part of the defendant to take precautions to meet the situation is correspondingly heavier. Its duty to take corrective measures may be heavier also during the times of the day when the crowd is greater.
We by no means decide that the doctrine of res ipsa loquitur applies whenever a customer is injured because *399 of merchandise falling in such stores. Each case must turn on its facts. Here the plaintiff was apparently standing in narrow quarters, at a place toward which customers converge on their way out of the store. "It was crowded" at the time. In quarters such as these, the elbow of a passing customer might be more apt to brush against a stack of cans, standing (as was the case with the stack here) elbow high, and disarrange the stack, thus increasing the hazard of falling cans. Moreover, the cans here were piled up on cases that themselves stood four or five feet high, so that some customers, particularly short ones, might be more likely to pull out a lower can in the pile, thus disarranging it, and also increasing the hazard in this way. These matters might not be worthy of mention except that to some minor degree they point to particular precautions called for from the defendant under the circumstances here  whether by way of inspection and supervision or in connection with the original location or arrangement of the cans we need not say.
Of considerably more significance, however, is the fact that the cans in question "had been packed full" on top of the cases just before the accident and that then, in a very brief space of time while plaintiff's witness' back was turned, an "avalanche" of them, at least three dozen, all toppled from their places, leaving the cases "empty * * * practically." Such an occurrence would probably not have taken place, unless there were several rows of cans standing on top of each other. We can think of various possible circumstances leading to the fall of one or two cans; but here practically all of them  (as we say) probably several rows of them  tumbled over. It would seem that such a sweeping downfall would, in the ordinary course of events, bespeak, more likely than not, of some negligence, attributable proximately to defendant's conduct, either in the original stacking of the cans or otherwise. The doctrine of res ipsa loquitur was therefore applicable; for in such circumstances the courts in the interests of justice should look to the defendant to come forward with an explanation of the mishap, *400 if it wishes to do so. Leone v. Safeway Stores, Inc., 133 N.J.L. 478 (Sup. Ct. 1945); Robinson v. Atlantic & Pacific Tea Co., 184 Misc. 571, 54 N.Y.S.2d 42 (Sup. Ct. 1945), affirmed 269 App. Div. 977, 59 N.Y.S.2d 290 (App. Div. 1945), leave to appeal to the Court of Appeals denied, 269 App. Div. 1024, 59 N.Y.S.2d 623 (App. Div. 1945); cf. Baily v. American Stores Co., 71 Pa. D. & Co. R. 613 (D. Ct. 1950).
Reversed, and new trial ordered.