[S. F. No. 20309. In Bank. Jan. 22, 1960.]

THEORILDA MARIE BRIDGMAN, Appellant, v. SAFE-WAY STORES, Inc. (a Corporation), Respondent.

*Assigned by Chairman of Judicial Council.

George Olshausen for Appellant.

Ackerman, Johnston, Johnston & Mathews and Willard S. Johnston for Respondent.

GIBSON, C. J.—Plaintiff has appealed from a judgment for defendant in an action for personal injuries, and she claims that certain instructions given to the jury were erroneous.

On October 30, 1956, at approximately 1 p. m., plaintiff entered defendant's self-service market to purchase a pumpkin. She testified that she selected one from the pumpkin stand, weighed it, and replaced it. While she was still facing the stand she felt a sudden blow on her chest that knocked her down. She did not see the pumpkins fall because she had averted her eyes for an instant, but after she fell she saw pumpkins lying by her on the floor. She testified that the pumpkins rose to eye level, a height which an employee of the defendant testified would be unsafe.

Defendant's produce manager testified that the height of the stand was 29 inches and that the pumpkins on it were stacked in two layers. He said the merchandise was "handled quite a bit" and that a number of inspections and rearrangements were required during the day. There was evidence that several inspections of the produce area of the market were made on the day in question, the last one about 12:15 p. m. Three employees of defendant testified that immediately after the accident plaintiff told them that she had slipped and had reached out to steady herself and that in doing so she knocked several of the pumpkins to the floor. Plaintiff denied having made the statement ascribed to her.

Before passing upon plaintiff's contentions it will be helpful to consider what duties the owner of a self-service store owes his customers.. ■■■ It is the general rule that the proprietor of a store who knows of, or by the exercise of reasonable care could discover, an artificial condition upon his premises which he should foresee exposes his business visitors to an unreasonable risk, and who has no basis for believing that they will discover the condition or realize the risk involved, is under a duty to exercise ordinary care either to make the condition reasonably safe for their use or to give a warning adequate to enable them to avoid the harm. (*Crane* v. *Smith*, 23 Cal.2d 288, 296 [144 P.2d 356] [child in store injured by coffee grinder] ; see Rest., Torts, § 343.)

Several decisions have applied this rule to injuries occur-

ring in stores as the result of dangerous conditions which were, or may have been, caused by the negligence of a customer. (*Sapp* v. *W. T. Grant Co.*, 172 Cal.App.2d 89, 91 [341 P.2d 826] ; *Hale* v. *Safeway Stores, Inc.*, 129 Cal.App.2d 124, 128 et seq. [276 P.2d 118] ; *Louie* v. *Hagstrom's Food Stores, Inc.*, 81 Cal.App.2d 601, 606-607 [184 P.2d 708] ; see *Hatfield* v. *Levy Brothers*, 18 Cal.2d 798, 806 [117 P.2d 841] ; *Girvetz* v. *Boys' Market, Inc.*, 91 Cal.App.2d 827, 829 [206 P.2d 6].) ▮▮ These cases declare that where the dangerous condition is brought about by natural wear and tear or by third persons, the owner, in order to be held liable, must have had either actual or constructive knowledge of the condition or have been able to discover it by the exercise of ordinary care and that the condition must have been one which the owner should have realized as involving an unreasonable risk to invitees. The requirement of actual or constructive knowledge is merely a means of applying the general rule stated above that the proprietor may be liable if he knew or by the exercise of reasonable care could have discovered the dangerous condition, and it does not alter the basic duty to use ordinary care under all the circumstances.

▮▮ It obviously follows that the owner of a store must make reasonable inspections of such portions of his premises as are open to his customers, and, in this connection, it has been held that evidence that an inspection had not been made within a particular period of time prior to an accident may warrant an inference that the defective condition existed long enough so that a person exercising reasonable care would have discovered it. (*Sapp* v. *W. T. Grant Co.*, 172 Cal.App. 2d 89, 91-92 et seq. [341 P.2d 826] [patron stepped on a spool of thread; no inspection for a period of 20 minutes] ; *Hale* v. *Safeway Stores, Inc.*, 129 Cal.App.2d 124, 128 et seq. [276 P.2d 118] [customer slipped on banana; no inspection for a period of "12, 15, or 30 or more minutes"] ; *Louie* v. *Hagstrom's Food Stores, Inc.*, 81 Cal.App.2d 601, 607-609 [184 P.2d 708] [patron slipped in pool of syrup; no inspection for between 15 to 25 minutes].) ▮▮ As declared in these cases, it is ordinarily a question of fact for the jury whether, under all the circumstances, the defective condition existed long enough so that it would have been discovered by an owner who exercised reasonable care.

▮▮ The general rules stated above apply with respect to self-service stores as well as to stores where customers are not permitted to handle the merchandise. (*Sapp* v. *W. T.*

*Grant Co., supra,* 172 Cal.App.2d 89 [341 P.2d 826]; *Dillon* v. *Wallace,* 148 Cal.App.2d 447 [306 P.2d 1044]; *Francois* v. *American Stores Co.* (App.Div.), 46 N.J.S. 394 [134 A.2d 799, 801]; see *Simpson* v. *Duffy* (App.Div.), 19 N.J.S. 339 [88 A.2d 520, 522, 525].) The care required must, of course, be commensurate with the particular risk involved, and the risks may vary with many different factors, including whether the store is wholly or partially of the self-service type or, if not, whether the customers are nevertheless allowed to inspect and handle the things offered for sale. ■■ Where, as here, the owner operates his store on a self-service plan, under which customers are invited to inspect, remove, and replace goods on the shelves, the exercise of ordinary care may require the owner to take greater precautions and make more frequent inspections than would otherwise be needed to safeguard against the possibility that such a customer may create a dangerous condition by disarranging the merchandise. (See *Francois* v. *American Stores Co., supra* (App.Div.), 46 N.J.S. 394 [134 A.2d 799, 801]; *Simpson* v. *Duffy, supra* (App.Div.), 19 N.J.S. 339 [88 A.2d 520, 525].) However, the basic principle to be followed in all these situations is that the owner must use the care required of a reasonably prudent man acting under the same circumstances.

The case of *Robinson* v. *Atlantic & Pacific Tea Co.,* 184 Misc. 571 [54 N.Y.S.2d 42, 44, aff'd (App.Div.), 59 N.Y.S.2d 290], contains language to the effect that the owner of a self-service store is liable to business invitees for injuries resulting from dangerous conditions caused by customers on the theory that, by permitting them to move articles on the shelves, he constituted them his agents and was thus responsible for their careless acts. The statement was not supported by any authority, is inconsistent with the general principles discussed above, and should not be followed here.

■■ In the present case the court instructed the jury, at the request of the defendant, as follows: "The fact—if you find it to be a fact—that some person other than defendant or its employees so handled the pumpkins as to leave them in an unsteady and dangerous condition is not sufficient to charge defendant with negligence unless you also find: 1. That the accident was caused by a dangerous condition which was actually known to the defendant, or its agents or employees, or 2. That the dangerous condition was permitted to remain for such a space of time before the occurrence of the accident

as would charge the defendant with notice of this condition and afford it an opportunity to correct it. In order to impose liability upon defendant for a dangerous condition created by some other customer, it must appear that defendant knew or should have known of the dangerous condition.''

This instruction was incomplete because it contained nothing with respect to defendant's duty to exercise ordinary care to discover dangerous conditions and to make reasonable inspections of its premises. The court, however, gave instructions at plaintiff's request which, to a large extent, covered the matters that were omitted. One of these instructions stated that what constitutes ordinary care must be determined in the light of all the surrounding circumstances and that the jury must consider ''the nature of the business operated by the defendants'' and the danger ''of things being knocked to, dropped or spilt upon the floor as compared to other types of business establishments.'' Another instruction declared that it was the duty of defendant to use ordinary care to avoid injury to plaintiff and to keep the premises involved in this action in a condition reasonably safe for her. The jury was also informed that a storekeeper has a duty to warn a customer of dangers on the premises of which the storekeeper has actual knowledge or which are discoverable by him in the exercise of ordinary care but that the storekeeper is not bound to discover defects which reasonable inspection would not disclose. If plaintiff desired more specific instructions with respect to the duty owed by the proprietor of a self-service store to his customers, she should have requested them.

■ The court gave the unavoidable accident instruction that was declared to be confusing and misleading in *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652, 657 [320 P.2d 500] et seq.* It is error to give this instruction, and language contained in the cases cited below which suggests it is permissible to give the instruction where there is evidence that the accident or injury could have resulted from some particular cause unforeseeable by the defendant is disapproved. (See *Borg* v. *McDonnell*, 172 Cal.App.2d 260, 264 [342 P.2d 297]; *Prentice* v. *Roberts*, 171 Cal.App.2d 313, 319 [340 P.2d 43]; *Lockhart* v. *Rini*,

---

*The instruction reads: ''Finally, in law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still no one may be held liable for injuries resulting from it.''

171 Cal.App.2d 293, 298 [340 P.2d 344]; *Emerton* v. *Acres,* 160 Cal.App.2d 742, 744 [325 P.2d 685]; *Martz* v. *Ruiz,* 158 Cal.App.2d 590, 592 [322 P.2d 981].)

 We are of the view, however, that the judgment should be affirmed. Section 4½ of article VI of the Constitution provides, "No judgment shall be set aside . . . on the ground of misdirection of the jury . . . unless, *after an examination of the entire cause, including the evidence,* the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Italics added.) No precise formula can be drawn for deciding whether an error in instructions has resulted in a miscarriage of justice. For this purpose the appellate court must review the entire record, including the evidence, and in each instance the determination whether the error requires a reversal depends upon all the circumstances of the particular case. (*Alarid* v. *Vanier,* 50 Cal.2d 617, 625 [327 P.2d 897]; *Butigan* v. *Yellow Cab Co.,* 49 Cal.2d 652, 660-661 [320 P.2d 500].)

We have reviewed the entire record, and we are of the opinion that the misdirection of the jury did not result in a miscarriage of justice.

The judgment is affirmed.

Traynor, J., Schauer, J., Spence, J., McComb, J., Peters, J., and White, J., concurred.

Appellant's petition for a rehearing was denied February 17, 1960.