[Civ. No. 6181.   Fourth Dist.   Aug. 18, 1960.]

EVELYN ELAINE HOLCOMBE, Appellant, v. SHERMAN
BURNS, Respondent.

J. Jackson Wills for Appellant.

McInnis, Focht & Fitzgerald and John W. McInnis for Respondent.

SHEA, J. pro tem.*—This is an action for personal injuries sustained as the result of a fall. The facts are not disputed. The only evidence relating to the circumstances of the fall is the testimony of the plaintiff and her husband.

The defendant is the owner of a trailer park in which the plaintiff and her husband resided as tenants for several years. In October, 1956, the defendant was going to be away from the trailer park over the weekend and he requested the plaintiff to "put up the mail" for him during his absence. She agreed to do it and arrangements were made for her to obtain the keys to the trailer park office. The task involved sorting the mail and placing it in the individual mail boxes of the tenants in the trailer park. She had assisted the defendant in performing this task on one prior occasion. She was to receive no compensation for the service.

On the morning of the accident the plaintiff, accompanied by her husband, went to the office for the purpose of putting up the mail. When she opened the office she discovered that

---

*Assigned by Chairman of Judicial Council.

the mail was not there. She then recalled that on one prior occasion she had seen the mail in the tool room, so she walked approximately 15 to 20 feet to the door of the tool room to see if the mail might be in that room. She inserted the key in the lock and opened the door. She then pushed the door inward and took two or three steps into the tool room. Upon seeing that the mail was not in the room, she stepped backward out of the doorway at the same time pulling the door toward a closed position. As she stepped backward her right heel struck the wheel of a lawn mower which was leaning against the outside wall of the tool room. When her heel struck the mower, she was thrown off balance and fell to the ground. She sustained a fracture of her right ankle.

The testimony shows that the defendant kept garden tools for the use of the tenants in the trailer park; that the plaintiff's husband had used these tools on prior occasions; and that it was the custom to place these tools in a leaning position against the outside wall of the tool room. From time to time the tenants would use these garden tools and then return them and lean them against the wall of the tool room. At the time of the plaintiff's accident, the lawn mower involved was leaning against this wall, to the right of, and next to the door of the tool room. The plaintiff testified that in walking from the office to the door of the tool room she walked past the tools that were leaning against the side of the building; that as she opened the door to the tool room she saw the handle of the lawn mower leaning against the wall and that it was right alongside of her. She did not look down to the ground and did not see the wheels of the mower. The mower was a normal push-type mower and had metal wheels. She also testified that when her right heel came in contact with the wheel she realized that it was the lawn mower because she had just seen it as she went in the door.

The plaintiff's husband testified that he had walked to the office with his wife; that she looked in the office and found that the mail was not there; that she then went to the door of the tool room to see if the mail might be in that room; that he remained near the door of the office about 15 to 18 feet from the door to the tool room; that as the plaintiff backed out of the tool room, he heard a noise and saw her lose her balance and fall. He further testified that he saw the mower leaning against the wall and that the mower was still in that position after the plaintiff had fallen.

There is no testimony in the record to show just where the wheel of the lawn mower was located in relation to the doorjamb and the evidence does not disclose whether the wheel of the mower extended into the passageway to the door or not. The only evidence in this regard is the testimony of the plaintiff that it was located "south [to plaintiff's right] of the entrance of the door; far enough south that the handle could rest against the building."

At the trial, after both parties had rested, counsel for the defendant moved the court for a directed verdict. The motion was denied and the matter was submitted to the jury. The jury returned a verdict for the plaintiff. In due course the defendant moved the court for a new trial and for judgment notwithstanding the verdict. Both motions were granted and judgment was entered for the defendant notwithstanding the verdict. The plaintiff has appealed from the judgment on the ground that the court erred in granting both motions. However, the plaintiff's brief on this appeal is directed solely to the judgment notwithstanding the verdict.

Section 629 of the Code of Civil Procedure provides in part as follows:

"When a motion for a directed verdict, which should have been granted, has been denied and a verdict rendered against the moving party, the court, at any time before the entry of judgment, either of its own motion or on motion of the aggrieved party, shall render judgment in favor of the aggrieved party notwithstanding the verdict."

Where the evidence is undisputed, the court may grant a judgment notwithstanding the verdict only if the evidence, together with any legitimate inferences that may be drawn therefrom, will not, as a matter of law, support the verdict. (*Ness* v. *City of San Diego*, 144 Cal.App.2d 668 [301 P.2d 410].) If the evidence will not support a verdict, the trial court has a duty to grant the motion for judgment notwithstanding the verdict. (*Estate of Arnold*, 16 Cal.2d 573 [107 P.2d 25]; *Washer* v. *Bank of America*, 87 Cal.App.2d 501 [197 P.2d 202].)

In the light of these rules, does the undisputed evidence in this case support the verdict for the plaintiff? It is our judgment that it does not.

It is conceded that the plaintiff was an invitee upon the defendant's premises. The owner of the premises owes a duty to an invitee to maintain the premises in a reasonably safe condition and to warn the invitee of any dangerous condition which is actually or constructively known to him.

He is not liable for injury to the invitee which results from a condition that is obvious or should have been observed by the invitee in the exercise of reasonable care. (*Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556 [296 P. 76]; *Pauly* v. *King*, 44 Cal.2d 649 [284 P.2d 487].)

The fact that a dangerous condition (if this was a dangerous condition) existed at the time the accident occurred does not warrant an inference that the owner of the premises was negligent. Where the condition complained of is brought about by ordinary usage or by third persons, there must be some evidence to show that the condition had existed long enough for the owner, in the exercise of reasonable care, to have discovered the condition and corrected it. (*Girvetz* v. *Boys' Market, Inc.*, 91 Cal.App.2d 827 [206 P.2d 6]; *Bridgman* v. *Safeway Stores, Inc.*, 53 Cal.2d 443 [2 Cal.Rptr. 146, 348 P.2d 696].)

While it is doubtful that the placing of the lawn mower in such a position as it was placed in this case could be considered to be a dangerous condition, there is no evidence that the defendant had any knowledge of it. The accident happened on a Monday and the defendant had left the trailer park on the preceding Saturday. He was not there at the time and had not been there for two days. The inference is that he had no knowledge of the position or location of the lawn mower at the time in question. Also the evidence clearly demonstrates that the condition as it existed was obvious to the plaintiff. There is no liability for injury from dangers that are obvious or as well known to the person injured as to the owner or occupant. (*Mautino* v. *Sutter Hospital Assn.*, supra; *Shanley* v. *American Olive Oil Co.*, 185 Cal. 552 [197 P. 793].) The following statement from the Mautino case is appropriate:

"Even if the plaintiff were free from contributory negligence, 'not every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from someone. Thousands of accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured.'"

The evidence in this case clearly shows that there was no breach of any duty owing by the defendant to the plaintiff, and that there was no negligence on the part of the defendant which was a proximate cause of the plaintiff's injury. Under such circumstances, it is the duty of the trial court to grant the motion for judgment notwithstanding the

verdict. In view of the foregoing decision, it will not be necessary to consider the question of contributory negligence on the part of the plaintiff.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.