[Civ. No. 20977. First Dist., Div. One. Nov. 14, 1963.]

CHARLES F. HENDERSON, Plaintiff and Respondent, v. LILLY McGILL et al., Defendants and Appellants.

L. Rodney Hollingshead and Russell A. Harris for Defendants and Appellants.

McKibban & Porterfield and Jack McKibban for Plaintiff and Respondent.

BRAY, P. J.—Defendants appeal from a judgment in a personal injury action, after jury trial, in favor of plaintiff in the sum of $10,000.[1]

## QUESTION PRESENTED.

██ Does the evidence show as a matter of law that defendants' premises were not negligently maintained?

## EVIDENCE.

Defendants own and operate a coffee shop on leased premises in Vallejo, known as Twins Coffee Shop. Adjacent to the building in which the coffee shop is operated is a small parking lot maintained by defendants for use of its patrons. About 3 feet out from the building is a bumper rail, leaving an asphalt paved area[2] between the bumper rail and the building. In this strip there is a faucet which protrudes between 4-5 inches above the ground, out 5-6 inches from the wall of the building. Plaintiff was engaged part time in the business of servicing insect vaporizers and had visited this café approximately six times before for that purpose. He testified that he had used this strip on "at least" one occasion before. About noon, on the day in question, he parked his car towards the rear of the building in the parking area close to the bumper rail, intending to service the vaporizer in the café. He went into the café by the front door. Plaintiff is not sure whether he walked there from his car over the parking area or over the strip. Defendants informed him they no longer desired his service. Plaintiff then left the building by the front door. Outside, he turned left, to the strip, again turned left and proceeded down the strip towards the place where his car was parked. Plaintiff chose to walk in the strip rather than in the parking area beyond the bumper rail because it was raining. There was a roof overhang over most of this strip. For that reason he kept close to the wall of the building. On his way his left foot caught in the faucet which protruded from the ground. The resulting fall caused the injury complained of.

## NEGLIGENCE.

Defendants apparently concede that plaintiff was an invitee and that their duty towards him was that of a possessor of land towards an invitee. ██ As said in *Johnston* v. *De La Guerra Properties, Inc.* (1946) 28 Cal.2d 394, 399 [170 P.2d 5], the duty of a possessor of business premises toward an invitee is "sufficiently extensive to protect the business

---

[1] A motion for new trial by defendants was denied.
[2] Hereinafter referred to for convenience as "the strip."

visitor in his use of such means of ingress and egress as by allurement or inducement, express or implied, he has been led to employ."[3]

The occupier's duty to an invitee is one of due care under all the circumstances. He must use care not to injure the invitee by negligent activity, and must warn him of perils actually known to the occupier. The duty extends to defects in structures erected by a prior possessor. The occupier also owes the invitee the duty of care of inspecting his premises and of discovering dangerous conditions. In short, the occupier has the duty to take reasonable care to make the premises reasonably safe. (Harper and James, The Law of Torts, § 27.12, p. 1487; 35 Cal.Jur.2d, Negligence, § 108, p. 615; *Powell* v. *Vracin* (1957) 150 Cal.App.2d 454, 456 [310 P.2d 27]; *Blodgett* v. *B. H. Dyas Co.* (1935) 4 Cal.2d 511, 512 [50 P.2d 801].) Even though there was no default in inspection, if injury to an invitee can be traced to faulty construction or to other negligence "creating the dangerous condition, or to the failure to take reasonable precautions to protect invitees from dangers foreseeably attendant on the arrangement or use of the premises," a defendant may be liable. (Harper and James, *supra,* p. 1488.)

An invitee cannot recover, however, where the danger was obvious or there was contributory negligence. (35 Cal. Jur.2d, Negligence, § 108, p. 615.)[4] The inviter is not an insurer of the safety of invitees. There is no liability for harm which results from conditions from which no unreasonable risk was to be anticipated. Nor is there any "obligation to protect the invitee against dangers which are known to him, or which are so apparent that he may reasonably be expected to discover them and be fully able to look out for himself." (Prosser, Law of Torts (2d ed.) p. 459; *Blodgett*

---

[3]While in their answer to the complaint, defendants alleged that the strip was not intended to be used as a sidewalk, merely being a necessary space between the front bumpers of automobiles and the wall to prevent automobiles from caving in the wall and that plaintiff assumed the risk of walking in it, they make no contention on this appeal that the question of whether defendants knew or should have known that the strip would be used by persons parking in the area, and whether there was an invitation by defendants, express or implied, to plaintiff to use said strip under the circumstances, were not jury questions which the jury decided adversely to them.

[4]We are not concerned here with the question of contributory negligence. That issue was resolved by the jury and no question concerning it is raised on the appeal.

260

v. *B. H. Dyas Co., supra,* 4 Cal.2d 511.)

Defendants contend that "[a]s a matter of law there was no evidence from which this jury could have found that this plaintiff's injury resulted from the maintenance of a dangerous or defective condition for which these appellants would be liable." This contention is based upon the claim that the faucet protruding 4 to 5 inches above the pavement was so obvious as to bring the case as a matter of law within the above mentioned rule that where the danger is obvious the occupier is not liable even though the condition is a dangerous or defective one.

"It is ordinarily a question of fact whether in particular circumstances the duty of care owed to invitees was complied with, ... whether the particular danger was obvious, whether an invitee was contributorily negligent, or whether the defect was trivial." (35 Cal.Jur.2d, Negligence, § 134, pp. 648-649; accord: Harper and James, *supra,* § 27.13.) In *Powell* v. *Vracin, supra,* 150 Cal.App.2d 454, the court noted that "Whether the step from the floor level to the ground and the ground immediately outside the opening were so negligently maintained as to render defendants liable in damages was a question of fact for the jury." (P. 457; accord: *Woodard* v. *Bank of America* (1955) 130 Cal.App.2d 849, 853 [279 P.2d 1018].)

There is one line of cases, however, in which the obviousness of the condition does not afford the defendants relief from liability. That line consists of those cases where "people would not in fact expect to find the condition where it is, or they are likely to have their attention distracted as they approach it, or, for some other reason, they are in fact not likely to see it, though it could be readily and safely avoided if they did." (Harper and James, *supra,* § 27.13, pp. 1491-1492.) Thus, there may be negligence in maintaining a condition which is physically obvious but in a place where a person might reasonably be expected not to see it. In *Hodge* v. *Weinstock, Lubin & Co.* (1930) 109 Cal.App. 393 [293 P. 80], the plaintiff sustained injury when she tripped over the edge of a platform in a large aisle in the defendant's store. Along the aisle on both sides at a height of about 28 inches were display counters. Extending into the aisle at one end about 12 inches was a low, movable platform, about 6 inches high. The plaintiff entered the store and was proceeding along the aisle with her sister. Her sister crossed the aisle to the right side and called to the plaintiff to look at something. The plaintiff proceeded through the crowd toward her

sister looking at the goods on display. She did not see the edge of the platform and tripped over the corner, suffering injury. The court said: "It was the defendant's duty, when it invited the public into its store, to exercise ordinary care and prudence to keep the aisles and passageways of the premises in and through which, by their location and arrangement, a customer in making purchases is induced to go, in a reasonably safe condition so as not unnecessarily to expose the customer to danger or accident. From the evidence in this case the court cannot say, as a matter of law, that the defendant performed this duty. There was evidence that this flat platform, only six inches high, was placed in an area where crowds assembled; that it was along the right-hand side of the aisle, but that it encroached as much as a foot out into the aisle; that around it, and particularly north of it, goods were on display, on elevated tables which invited the elevated glances of the people in the store, and that crowds surged around it with such difficulty of seeing it as can readily be inferred. Upon this evidence the question of the negligence of the defendant was properly submitted to the jury ...." (Pp. 396-397.)

 It cannot be said as a matter of law that this faucet was so obvious that it could be reasonable to assume that persons using the strip would necessarily observe it. It was located directly in front of a large window in the wall of the café. This window reached within about a foot of the pavement. Immediately inside the window was a dining table and four chairs. It is obvious from the photographs in evidence that the attention of a person using the strip might be diverted by the view through this window of the interior of the café and the persons sitting at the window table, if any. There was a water tank, waist high, just beyond the window protruding about 1½ feet from the wall. The gaze of persons using the strip might well be focused upon this tank in order that they might avoid hitting it. It is obvious, too, that because of the roof overhang, persons would use the strip in the event of rain, and that their attention could be thereby diverted from the pavement. These were reasonably foreseeable matters. At the very least, they were debatable matters to be resolved by a jury, and such that it cannot be said as a matter of law that persons using the strip must necessarily under all conditions see the protruding faucet. Thus the exception to the rule as to invitees that the occupier of land is not liable for a dangerous condition which is obvious would

not apply here, depending upon the jury's determination of the faucet's obviousness under the conditions. The jury, in effect, found that it was not so obvious as not to constitute a dangerous condition.

In order to prevail on this appeal, defendants must establish that no reasonable person would conclude that it was a negligent act to permit a faucet to stick up 4 to 5 inches from the surface of a paved area and 5 to 6 inches from the outside wall of a restaurant building, where the area was about 3 feet wide, sheltered by an overhang, led around the building to defendants' parking lot and, on rainy days, provided the only sheltered access to that parking lot. Defendants would have to establish in addition that a reasonable juror could not find (a) that persons would be likely to use this path in foul weather, (b) that a distraction was provided by the window, the water tank or the rain which caused the plaintiff to fail to watch where he was going (he testified that as he turned the corner he was struck in the face by the rain), or (c) that it was reasonable for the plaintiff to be close to the side of the building on a rainy day, or (d) that defendants knew or in the exercise of normal care should have known of factors (a), (b) and (c).

It is the province of the jury to ascertain, from their experience and from the evidence, whether the act or omission of the defendants was one which did not amount to a reasonable exercise of care under the circumstances. This is not the function of an appellate court except where reasonable minds could reach but one conclusion from the evidence.

The cases cited by defendants are easily distinguishable from the one at bench.

*Blodgett* v. *B. H. Dyas Co., supra,* 4 Cal.2d 511, dealt with a situation in which the plaintiff, while looking in the windows of a building, fell down a basement stairway which was in a recess of the building, the stairway being located about 5 feet from the sidewalk. The court there held that there was no negligence upon the part of the owner of the stairway as " 'A person walking through the busy streets of a large city is charged with the knowledge that there are many open stairways leading to basements of mercantile establishments.' " (P. 513.) Persons are not charged with knowledge that there will be protruding faucets in an area where invitees may reasonably be expected to walk.

In *Ford* v. *Riverside City School Dist.* (1953) 121 Cal. App.2d 554 [263 P.2d 626], an action under the Public Lia-

bility Act, there was a bush on the school grounds off the play yard, and in an area prohibited to the children. The plaintiff, 9 years old, and a friend, went into this area and commenced pulling thorns from the bush. The friend pulled a thorn off, and his hand slipping, the thorn entered the plaintiff's eye. It was held that in maintaining the bush, the school district was not maintaining a dangerous condition in that the bush was not dangerous if used in the "ordinary, usual and customary" method. Such was the method of use in our case.

In *Weddle* v. *Heath* (1931) 211 Cal. 445 [295 P. 832], the defendant appealed from a verdict and judgment in favor of the plaintiff for personal injury sustained when the plaintiff came into contact with a piece of machinery on the defendant's property. The plaintiff was familiar with the machinery and acquainted with its dangers. The plaintiff's only excuse was that he thought he was a safe distance away. The appellate court held that it was error to submit the issue to the jury. "Plaintiff ... also admits that the danger to which he was exposed was obvious ...; therefore, we conclude that the evidence fails to sustain the causes of action predicated upon the theory of invitor and invitee...." (P. 452.)

In *Holcombe* v. *Burns* (1960) 183 Cal.App.2d 811 [7 Cal. Rptr. 366], the plaintiff was injured by catching her foot as she came out a door of the defendant's home, in a lawn mower leaning against the wall near the door jamb (just how near did not appear). The reviewing court held that there was no evidence that the owner of the house knew of the presence of the lawn mower, that its presence was obvious to the plaintiff, and that therefore the trial court had properly granted the defendant a judgment notwithstanding the jury's verdict in favor of the plaintiff. In our case the jury found in effect that the faucet was maintained by the defendants and that its presence was not known to plaintiff.

In *Goodman* v. *Raposa* (1957) 151 Cal.App.2d 830 [312 P.2d 65], an action against the City of Stockton for claimed negligence because the city had turned off defective traffic lights at an intersection, it was held that such fact did not cause the city to be maintaining a defective or dangerous condition under the Public Liability Law. The case is obviously not in point.

In *Whiting* v. *City of National City* (1937) 9 Cal.2d 163 [69 P.2d 990], also an action under the Public Liability Act, it was held that the maintenance of a sidewalk where one

square thereof was at most three-quarters of an inch higher than the contiguous square (the court referred to this as a "minor defect" (p. 165) and a circumstance of which the plaintiff was aware) did not cause liability under that act in view of the impossibility of a city's maintaining perfectly even sidewalks. There is no resemblance between an obstruction three-quarters of an inch high and one, as in our case, 4 to 5 inches high. In the case at issue there is no evidence that plaintiff had such knowledge as would render him wary of the faucet's existence.

More nearly analogous to the situation in our case are the situations in the following cases:

*Danisan* v. *Cardinal Grocery Stores, Inc.* (1957) 155 Cal. App.2d 833 [318 P.2d 681]. The plaintiff appealed from a judgment of nonsuit against her. While shopping in the defendant's supermarket the plaintiff slipped and fell on some substance in the center aisle of the produce section. The court reversed the judgment, holding, among other matters, that whether negligence has been made out is a question of fact for the jury.

*Powell* v. *Vracin, supra,* 150 Cal.App.2d 454. The defendant appealed from a jury verdict and judgment in favor of the plaintiff for personal injuries. The plaintiff was babysitting in the defendants' house. Fearful for the safety of one of the children who was playing in the yard, the plaintiff opened a glass door to go into the yard. The entry had not been completed and there was a 20-inch space between the level of the floor of the house and the garden outside. The plaintiff slipped and injured her ankle. The appellate court held the verdict proper, even though the plaintiff had used the entry before.

*Woodard* v. *Bank of America, supra,* 130 Cal.App.2d 849. The defendant appealed from a judgment of a court (without a jury) for damages for personal injuries. The defendant owned a building and a parking lot adjacent thereto. The plaintiff left a store situated in the building and walked across the parking lot to the northeast corner. He there stumbled over the curb and suffered injuries complained of. The appellate court sustained the judgment, affirming the trial court's finding that the plaintiff was an invitee, even though plaintiff simply walked across the lot en route elsewhere. "The trial court found ... that the curb as constructed and maintained constituted a hazard to invitees. It also found that respondent was not contributorily negligent. These determinations lie within the province of the finder of

fact and unless this court could say as a matter of law that such findings are without adequate support in the evidence they must stand as found by the trial court.'' (P. 853.)

Defendants contend that they are relieved from liability because no similar accident had ever happened before and hence defendants had never been notified of danger from the position of the faucet. This is a non sequitur. The lack of a prior accident would not excuse liability if the dangerous condition should reasonably have been known by the occupier. Here, although the faucet had been installed by the owner of the property prior to its occupancy, defendants had occupied the property for a number of years and, as we have hereinbefore pointed out, it is reasonable to conclude that they should have known that the maintenance of the faucet under the circumstances constituted a hazard to persons who would be using the strip.

The judgment is affirmed.

Sullivan, J., and Molinari, J., concurred.